IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALT AND LIGHT ENERGY EQUIPMENT, LLC, | § § § | |
| Plaintiff/Counter-Defendant, | § § | Civil Action No.: 3:22-cv-00654-N |
| v. | § § | |
| ORIGIN BANCORP, INC., DBA ORIGIN BANK, | § § § | |
| Defendant/Counter-Plaintiff, | § § | |
| v. | § § | |
| DENISE MUDIGERE and SHAWN MUDIGERE, | § § § | |
| Third-Party Defendants. | § | |

## REPLY IN SUPPORT OF ORIGIN'S MOTION TO DE-DESIGNATE

### INTRODUCTION

The jig may finally be up for Plaintiff/Counter-Defendant Salt and Light Energy Equipment, LLC ("SNLEE")—after more than a year of discovery games regarding the Recorder's identity and the Recordings themselves, SNLEE conceded the designations without filing a response to the Motion or even as much as a word to the Court once Defendant/Counter-Plaintiff Origin Bancorp, Inc. d/b/a Origin Bank ("Origin") filed the Motion. *See* Dkts. No. 77–78. Now all that remains is the award of fees SNLEE owes Origin. It is SNLEE's burden to show why it should not have to pay Origin the mandatory fees under the Federal Rules of Civil Procedure, and SNLEE cannot do that and accurately represent the instant situation to the Court at the same time. Origin respectfully requests that the Court order SNLEE to pay Origin what the Federal Rules require.

## ARGUMENTS & AUTHORITIES

First, and so the Court is aware, once the Motion had been filed, SNLEE soon after corresponded with Origin to inform Origin that it intended to de-designate the materials at issue in the Motion and then chose not to respond. So, in that respect, the Motion can be considered unopposed. *See, e.g.*, *Everest Nat'l Ins. Co. v. Sterquell, Hill & Goelzer, LLP*, No. 2:09-CV-293, 2011 U.S. Dist. LEXIS 162862, at *4 (N.D. Tex. Jan. 21, 2011) (Cummings, J.). Even if the Court does not consider the Motion unopposed, SNLEE's voluntary de-designation of the materials at issue moots the core substantive aspect of the Motion.

What remains, however, is the amount SNLEE owes Origin for forcing Origin to go through this inane exercise. Because SNLEE de-designated the materials at issue "after the [M]otion was filed," Federal Rule of Civil Procedure 37(a)(5)(A) instructs that the Court, "after giving an opportunity to be heard," *must* "require [SNLEE], [Lynn Pinker Hurst & Schwegmann], or both to pay [Origin]'s reasonable expenses incurred in making the [M]otion, including attorney's fees."[1] *See, e.g.*, *Mega Distribution v. Vision X*, No. 16-cv-5564, 2017 U.S. Dist. LEXIS 235377, at *2 (C.D. Cal. Mar. 23, 2017) (awarding Rule 37(a)(5)(A) reasonable expenses on a motion to compel de-designation); *see also Liberty Ins. Underwriters, Inc. v. First Mercury Ins.*, No. 3:17-cv-3029, 2019 U.S. Dist. LEXIS 227099, at *15 (N.D. Tex. Mar. 11, 2019) (Horan, J.) (noting that a Rule 37(a)(5) award can include "fees on fees" for the time expended in filing to

---

[1] "The plain terms of Rule 37(a)(5)(A)—'the court must'—imposes a mandatory award of expenses." *Wager v. G4S Secure Integration, LLC*, No. 1:19-cv-03547, 2021 U.S. Dist. LEXIS 16448, at *10 (S.D.N.Y. Jan. 28, 2021). And in the Fifth Circuit, if the language of a federal rule is mandatory, then courts must treat the rule itself as mandatory. *Jimenez v. Wood Cnty.*, 660 F.3d 841, 846 n.8 (5th Cir. 2011) (en banc); *accord City of N. Royalton v. McKesson Corp. (In re Nat'l Prescription Opiate Litig.)*, 976 F.3d 664, 671 (6th Cir. 2020) ("[T]he Federal Rules of Civil Procedure 'are binding upon court and parties alike, with fully the force of law' because they are 'promulgated pursuant to the Rules Enabling Act." (citation and original alternations omitted)). Any effort SNLEE makes to argue that Origin waived its right to fees under Rule 37(a)(5)(A) is incorrect. *See Wager*, 2021 U.S. Dist. LEXIS 16448, at *10–11.

recover attorney's fees). Origin is "presumptively entitled" to the Rule 37(a)(5)(A) reasonable expenses, *Kregler v. City of New York*, No. 08-cv-6893, 2013 U.S. Dist. LEXIS 53245, at *6 (S.D.N.Y. Apr. 5, 2013), and "the burden of persuasion is on [SNLEE] to avoid assessment of expenses and fees rather than on [Origin] to obtain such an award," *Pegoraro v. Marrero*, No. 10-cv-00051, 2012 U.S. Dist. LEXIS 169771, at *10 (S.D.N.Y. Nov. 28, 2012). *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) (finding that an "award of expenses is mandatory").

So here, it is SNLEE's burden to bear, not Origin's, on the issue of Rule 37(a)(5)(A) reasonable expenses. To avoid these mandatory fees, SNLEE must now prove that either (1) its "nondisclosure . . . was substantially justified," or (2) "other circumstances make an award of expenses unjust."[2] FED. R. CIV. P. 37(a)(5)(A)(ii)–(iii). SNLEE has no leg to stand on for either option.

For the reasons already stated in the Motion, SNLEE had no meritorious argument for its designation of the materials at issue, let alone one that was "substantially justified." SNLEE has only ever provided two justifications for the designations, both of which are hollow. First, SNLEE simply stated that it does not want Origin to "harass" the Recorder. Of course, this unsubstantiated, presumptuous projection has no legal merit. In fact, once the Recorder's identity was known to Origin, he willingly provided an affidavit, through counsel, explaining his knowledge of the Recordings and the meeting he recorded. Second, SNLEE claims that it was concerned the Recorder would suffer retaliation if his employer, ProPetro Services, Inc., learned his identity, and

---

[2] A third option exists for the non-award of fees under this rule, but it is unavailable here because Origin filed the Motion *after* "attempting in good faith to obtain the disclosure or discovery without court action." FED. R. CIV. P. 37(a)(5)(A)(i).

Case 3:22-cv-00654-N   Document 89   Filed 07/28/23   Page 4 of 5   PageID 1784

so SNLEE was purportedly trying to protect him. Putting aside that the only reason this theoretical protective interest was necessary only because *SNLEE* offered the Recordings as affirmative proof for its claim, recent developments reveal that this justification was a part of SNLEE's litigation machination and has no factual basis. On a call with counsel for SNLEE yesterday, SNLEE's counsel admitted to Origin that SNLEE has never spoken to (or even attempted to speak to) the Recorder and that SNLEE never intended to call the Recorder as a witness or depose him and had no intention of relying on his testimony to support the veracity of SNLEE's take on the Recordings. *See* Ex. 1, App. 5, Decl. of B. Robinson at ¶ 16. These admissions speak for themselves—SNLEE had no valid reason, let alone a substantially justified one, to designate and then to refuse to de-designate the materials at issue in the Motion for more than a year.

Furthermore, no circumstances make an award of fees under Rule 37(a)(5)(A) unjust. The whole controversy regarding the Recorder's identity and the Recordings themselves—along with the tens of thousands of dollars of client money spent on this issue—was created and perpetuated solely and exclusively by SNLEE for strategic purposes. For the fight over the designations to end as it has, with SNLEE simply conceding the improper designations rather than take meritless positions before the Court—is entirely fitting. For more than a year, SNLEE has sown the seeds of the Rule 37(a)(5)(A) fees that it must now reap. Payment of those fees is entirely just because SNLEE caused this situation all on its own, and SNLEE cannot claim that self-inflicting these circumstances somehow renders a fee award unjust.

## CONCLUSION

For these reasons, Origin respectfully requests that the Court order SNLEE to pay Origin's reasonable expenses under Rule 37(a)(5)(A), which at this point amounts to **$17,457.50**. Ex. 1, App 1-7, Decl. of B. Robinson.

**REPLY IN SUPPORT OF ORIGIN'S MOTION TO DE-DESIGNATE**                                    Page 4

Dated: July 28, 2023                              Respectfully submitted,

*/s/ Brad J. Robinson*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
mas@sbaitilaw.com
**Brad J. Robinson**
Texas Bar No. 24058076
bjr@sbaitilaw.com
**Griffin S. Rubin**
Texas Bar No. 24121809
gsr@sbaitilaw.com
**SBAITI & COMPANY PLLC**
Dallas Arts Tower
2200 Ross Ave., Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367

**ATTORNEYS FOR ORIGIN BANK**