IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALT AND LIGHT ENERGY EQUIPMENT, LLC, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § | Civil Action No.  3:22-CV-00654-N |
| ORIGIN BANCORP, INC., | | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Salt and Light Energy Equipment, LLC's ("SNLEE") counsel's, Lynn Pinker Hurst & Schwegmann, LLP's ("LPH&S"), motion for leave to withdraw as counsel to third-party defendant Denise Mudigere [172]. Both Ms. Mudigere and Defendant Origin Bancorp, Inc. ("Origin") oppose LPH&S's request to withdraw from representing Ms. Mudigere. Because the Court finds a legitimate conflict exists, creating adversity between Ms. Mudigere and Mr. Mudigere, the Court grants the motion. However, the Court preliminarily disqualifies LPH&S from representing Mr. Mudigere unless Ms. Mudigere consents to LPH&S's continued representation of Mr. Mudigere.

### I. THE COURT GRANTS THE MOTION TO WITHDRAW

Counsel may withdraw from representation "only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case." *Edwards v. Oliver*, 2022 WL 4820147, at *1 (N.D. Tex. 2022). Federal law applies to questions of attorney ethics, but courts utilize state and national standards to inform these decisions.

MEMORANDUM OPINION AND ORDER – PAGE 1

*See In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992) (addressing motion to disqualify attorney). Specifically, under local rule 83.3(e), courts in the Northern District of Texas rely on the Texas Disciplinary Rules of Professional Conduct ("TDRPC") to inform decisions involving attorney ethics. *See* N.D. Tex. L.R. 83.8(e). The issue of withdrawal is "entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Matter of Wynn*, 889 F.2d at 646. Importantly, denying withdrawal in the face of a demonstrated irreconcilable conflict is an abuse of discretion. *See United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

TDRPC 1.15(a)(1) mandates that a lawyer "shall withdraw" if "the representation will result in violation of Rule 3.08, other applicable rules of professional conduct or other law." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.15. LPH&S seeks to withdraw because "[a]n irreconcilable conflict under [TDRPC] 1.06 has developed in the undersigned counsel's representation of Ms. Mudigere that cannot be remediated through other means than withdrawing as her attorneys." Pls.' Mot. Withdraw 1. The Court conducted an *in camera* review of evidence that LPH&S supplied to the Court which details its conflict. Upon review, the Court finds that an irreconcilable conflict exists[1] between Mr. Mudigere and Ms. Mudigere, making withdrawal appropriate.

The Court is mindful that "[e]ven where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not

---

[1] The Court notes Defendant's argument that any proposed conflict existed since the inception of litigation; therefore, Plaintiffs waived this conflict. However, evidence presented to the Court for *in camera* review reveals a conflict that just recently arose. This conflict does not appear to apply to SNLEE.

MEMORANDUM OPINION AND ORDER – PAGE 2

disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, 2010 WL 2473833, at *3 (N.D. Tex. 2010). (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). "This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citations omitted). The Court is sympathetic that this withdraw will disrupt the case and impose some financial burden on the Ms. Mudigere. But Mr. Mudigere would be prejudiced by LPH&S's continued representation of Ms. Mudigere and the potential harm to the administration of justice that could ensue is too great due to the present conflict. Accordingly, the Court grants the motion.

## II. THE COURT PRELIMINARILY DISQUALIFIES LPH&S FROM REPRESENTING MR. MUDIGERE

As a result of the Court granting this motion, the Court finds it necessary to inquire *sua sponte* if LPH&S should be disqualified from representing Mr. Mudigere in the face of an ethics violation. *See United States v. Coleman*, 997 F.2d 1101, 1104 (5th Cir. 1993) ("The district court had the authority and duty to inquire *sua sponte* into whether counsel should not serve because of a conflict with another client."); *see also O'Connor v. Jones*, 946 F.2d 1395, 1399 (8th Cir. 1991) ("In cases where counsel is in violation of professional

MEMORANDUM OPINION AND ORDER – PAGE 3

ethics, the court may act on motion of an aggrieved party or may act *sua sponte* to disqualify.").

The Court recognizes that "attorney disqualification . . . is a sanction that must not be imposed cavalierly." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995). Looking to the TDRPC for guidance, Rule 1.09 states that "[w]ithout prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . if it is the same or a substantially related matter." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.09; *see also id.* §§ 1.06(d), 1.07(c). The Court is mindful that in Federal Court the TDRPC is not dispositive when ruling on disqualification; however, the elements for disqualification found in Rule 1.09 are nearly identical to the elements of the "substantial relationship" test utilized by the Fifth Circuit in motion to disqualify. *See generally In re American Airlines, Inc.*, 972 F.2d 605.[2] The substantial relationship test requires the moving party to establish "(1) actual attorney-client relationship between the moving party and the attorney he seeks to disqualify, and (2) substantial relationship between the subject matter of the former and present representations . . . ." *Id.* at 614. An attorney-client relationship and the "substantial relationship" element both exist without question. Accordingly, the Court preliminarily disqualifies LPH&S from representing Mr. Mudigere unless Ms. Mudigere

---

[2] *American Airlines* dealt with a successive representation issue, i.e., where a lawyer represented one client, and after the termination of that relationship sought to represent another client adversely to the prior client. This case raises a simultaneous representation issue, where a lawyer represents two clients in the same matter who then become adverse, arguably a more severe problem.

consents to counsel's continued representation of Mr. Mudigere or unless LPH&S can demonstrate that it is not disqualified from that representation.

## CONCLUSION

For the reasons stated above, the Court grants the motion to withdrawal. The Court further order LPH&S to either show Ms. Mudigere consents to its continued representation of Mr. Mudigere or demonstrate that disqualification is not required within fourteen (14) days of the date of this Order. Origin may have seven (7) days to respond. Additionally, the Court vacates the current trial setting.

Signed August 15, 2024.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 5