IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALT AND LIGHT ENERGY EQUIPMENT LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-654-N |
| ORIGIN BANCORP, INC, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Salt and Light Energy Equipment LLC's ("SNLEE") motion to alter or amend judgment [246], Third-party Defendant Denise McCormack's motion to stay enforcement [249], and Defendant Origin Bank's ("Origin") motion to issue a writ of execution [258].  For the reasons set forth below, the Court denies SNLEE's motion to alter or amend judgment.  Further, because McCormack does not meet her burden of objectively demonstrating a financial condition such that posting a bond imposes an undue burden, the Court denies McCormack's motion to stay enforcement of the judgment.  Finally, because the Court has resolved the motion to alter or amend judgment and to stay enforcement, the Court denies Origin's motion to issue writs of execution as moot.

## I. ORIGINS OF THE MOTION

This case involves a loan secured by a security agreement encumbering SNLEE's assets and a guaranty executed by SNLEE's principals, Counter-Defendants Prasanth

MEMORANDUM OPINION AND ORDER – PAGE 1

Mudigere and Denise McCormack (formerly Denise Mudigere).[1]  *See* Mem. Op. & Order (Mar. 19, 2024) 1–4 [163].  On February 3, 2025, this Court entered judgment in favor of Origin on both SNLEE's claims and on Origin's counterclaims against SNLEE, Mudigere, and McCormack.  *See* Final J. (Feb. 3, 2025) 1–2 [217].  SNLEE filed a motion to alter or amend the attorney fee judgment, arguing that the indemnity provision is unenforceable under Texas law.  *See* Pl.'s Mot. Amend J. 1.  Origin filed a response, *see generally* Def.'s Resp. Mot. Amend J. [265], but neither Mudigere nor McCormack filed a response.

Then, McCormack moved to stay enforcement of the judgment pending appeal, arguing she could not obtain a supersedeas bond.  *See generally* McCormack's Mot. Stay. In response, Origin filed a motion to order the Clerk of court to issue writs of execution. Origin cites a concern that SNLEE, Mudigere, and McCormack could use the time pending appeal to hide or otherwise dispose of assets.  *See* Def.'s Mot. Issue Writ 4.

## II.  LEGAL STANDARDS

### A.  *Motion to Alter or Amend Judgment*

Federal Rule of Civil Procedure 59(e) serves the narrow purpose of amending a judgment when there is a change in controlling law, where the movant presents new evidence, or to correct a manifest error of law or fact.  FED. R. CIV. P. 59(e); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*

---

[1]  The underlying facts and procedural history of this case are well established, *see Salt & Light Energy Equipment, LLC v. Origin Bancorp, Inc.*, 724 F. Supp. 3d 586, 589–91 (N.D. Tex. 2024), and the Court will not recount them in great depth here.

*v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  "[T]he standards applicable to Rule 59(e) . . . favor the denial of motions to alter or amend a judgment."  *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### B.  Motion to Stay

"Rule 62(d) entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond."  *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). Federal Rule of Civil Procedure 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d).  The Fifth Circuit has stated that the "purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."  *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979).  The purpose of the bond is to secure "the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal."  *Id*. at 1191.

A moving party has several ways to forgo the supersedeas bond requirement and has the burden of demonstrating the reason for departure.  *Id*.  First, under local rules, a party may stipulate a waiver.  *See* Local Rule 62.1.  Second, the party may show an objective "present financial ability to facilely respond to a money judgment and present[] to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal . . . ."  *Poplar Grove Planting & Ref. Co.*, 600 F.2d 1191.  Third,

MEMORANDUM OPINION AND ORDER – PAGE 3

the Court may waive the bond if the prevailing party argues on appeal for reversal of the judgment, and that the relief sought is entirely inconsistent with execution of the judgment. *Id*. Finally, courts are "free to exercise . . . discretion to fashion some other arrangement for substitute security through an appropriate restraint on the [losing party's] financial dealings" when the losing party's "present financial condition is such that the posting of a full bond would impose an undue financial burden . . . ." *Id*.

### III.  THE COURT DENIES SNLEE'S MOTION TO ALTER OR AMEND JUDGMENT

SNLEE has not shown any grounds for relief under Rule 59(e).  SNLEE's brief does not argue that there is a change in controlling law or present new evidence.  *See generally* Pl.'s Mot. Amend J.  Rather, SNLEE relies solely on the argument that there is a manifest error of law.  *Id*. at 2, 4.  Upon review, the Court holds that SNLEE has not met the applicable standards under Rule 59(e).  *See* FED. R. CIV. P. 59(e).

SNLEE argues that the Court made a "manifest error" of law in granting Origin's motion for attorney's fees because the "stated grounds for award of defensive fees are unsupported."  Pl.'s Mot. Amend J. 4–5.  The arguments SNLEE makes to support its assertion that the Court made manifest errors are repetitive of the arguments it made in its response to Origin's motion for attorney's fees.  *See* Pl.'s Resp. Mot. Atty's Fees 3, 5 [230] (arguing the express negligence rule bars the fees); Pl.'s Mot. Am. J. 3–4 (same).  The Court previously considered these arguments but concluded that Texas law recognizes and enforces these types of provisions.  *See* Order 5–6 (August 12, 2025) [240].

Thus, SNLEE has not demonstrated that the Court made a legal error in granting Origin's motion for attorney's fees.  A party may not use a Rule 59(e) motion "to relitigate

old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, 127–28 (2d ed. 1995)).  Because SNLEE does not point to mistakes that would warrant relief from judgment under Rule 59(e), the Court denies SNLEE's motion to alter or amend the judgment for attorney's fees.

## IV.  THE COURT DENIES MCCORMACK'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL

McCormack does not meet her burden of showing an objective reason to stay enforcement of the judgment under Federal Rule of Civil Procedure 62(b).  Under Rule 62(b), the Fifth Circuit has long held that a party seeking a stay of a monetary judgment must post a supersedeas bond.  FED. R. CIV. P. 62(b); *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir. 1990).  McCormack has not posted a bond and seeks an exception to the requirement of a bond.  McCormack's Mot. Stay J. 2.  McCormack's sole argument is that she has no financial ability to obtain a bond and proposes a restraint on her financial dealings as substitute security.  *Id*. at 5.

The Court finds that McCormack has not demonstrated an undue financial burden. *See Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191.  McCormack broadly states that she has no "nonexempt assets," and that because of a lengthy divorce and its accompanying custody proceedings she has "no income other than child support" for three children and her only substantial asset is her residential homestead.  McCormack's Mot. Stay J.  5.  And, in support of demonstrating a financial inability to obtain a bond, McCormack filed a sworn

personal financial statement. McCormack's App. 3–4. That statement lists that McCormack maintains and lives in a home valued at more than $3 million and owns multiple Mercedes Benz vehicles. *Id*. Moreover, McCormack is a former partner of a Dallas office of an international corporate law firm. *Id*.

However, conclusory statements and self-serving evidence produced by a judgment debtor does not satisfy her burden to objectively demonstrate her financial inability to pay. *E.g.*, *Preston Wood & Assocs., LLC v. Cameron Architects, Inc.*, 2019 WL 2904297, at *2 (S.D. Tex. 2019); *Bollore, S.A. v. Imp. Warehouse, Inc.*, 2004 WL 1873069, at *1 (N.D. Tex. 2004). Here, McCormack has only provided evidence she produced (the financial statement) and her brief. Taken together, the Court finds that McCormack has not met her burden of demonstrating that posting a bond would cause undue financial harm.

Under *Poplar*, once a movant has shown a bond imposes an undue burden, a court has the discretion to arrange for substitute security through "appropriate restraint" on the moving party's financial dealings that would "furnish equal protection." 600 F.2d at 1191. Because the Court finds McCormack does not demonstrate an undue burden and because McCormack claims all her assets are exempt, *see* McCormack's Mot. Stay J. 5, the Court need not go further to fashion an appropriate restraint.

McCormack briefly references that if her or SNLEE's appeal is successful, her legal fees to reverse the execution of the judgment pose a financial burden. McCormack's Mot. Stay J. 6. In effect, she argues, this denies her the protections under Rule 62(b). However, the exception under Rule 62(b) has two requirements: that a *prevailing* party be the one that argues on appeal for reversal, and that the relief sought is entirely inconsistent with

execution of the judgment. *Poplar Grove Planting & Ref. Co.*, 600 F.2d 1191. Because McCormack is not the prevailing party, this exception does not apply. McCormack does not address any of the other *Poplar* exceptions. Therefore, the Court denies McCormack's motion to stay enforcement of judgment pending appeal.

CONCLUSION

Because SNLEE has not established it is entitled to relief under Rule 59(e), the Court denies SNLEE's motion to alter or amend judgment. Further, the Court denies McCormack's motion to stay enforcement of judgment because she has not posted a supersedeas bond under Rule 62(b) nor met her burden of demonstrating a reason to exempt or otherwise forgo the bond. Finally, because the Court denies both the motion to alter or amend and the motion to stay, the Court denies Origin's motion to issue writs of execution as moot.

Signed October 27, 2025.

David C. Godbey
Senior United States District Judge