IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SALT AND LIGHT ENERGY                §
EQUIPMENT, LLC,                       §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §        Civil Action No. 3:22-CV-00654-N
                                      §
ORIGIN BANCORP, INC.,                 §
                                      §
        Defendant.                    §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Origin Bancorp, Inc.'s ("Origin") motion for attorney's fees and related nontaxable expenses [219]. For the following reasons, the Court grants the motion, but awards reduced fees as specified below.

### I. ORIGINS OF THE DISPUTE

This case involves a loan secured by an agreement encumbering Plaintiff Salt and Light Energy Equipment, LLC's ("SNLEE") assets and a guaranty executed by SNLEE's principals, Counter-Defendants Prasanth Mudigere and Denise McCormack (formerly Denise Mudigere).[1] *See* Mem. Op. & Order (Mar. 19, 2024) 1–4 [163]. On February 3, 2025, this Court entered judgment in favor of Origin on both SNLEE's claims and Origin's counterclaims against SNLEE, Mudigere, and McCormack. *See* Final J. (Feb. 3, 2025) 1–2 [217].

---

[1] The underlying facts and procedural history of this case are well established, *see Salt & Light Energy Equipment, LLC v. Origin Bancorp, Inc.*, 724 F. Supp. 3d 586, 589–91 (N.D. Tex. 2024).

MEMORANDUM OPINION AND ORDER – PAGE 1

SNLEE appealed the decision, and the Fifth Circuit affirmed the Court's judgment [282]. Origin then filed this motion for attorney's fees and related nontaxable expenses, requesting $121,712.50 in attorney's fees and $3,701.56 in related nontaxable expenses jointly and severally against SNLEE, Mudigere, and McCormack. *See* Def.'s Mot. for Atty's Fees 1 [287]; Def.'s Reply 5 [295]; Def.'s App. 2, 146 [288].

Origin asserts that it is entitled to these attorney's fees and related nontaxable expenses pursuant to two contracts: the Revolving Credit and Security Agreement (the "Security Agreement") and the Guaranty Agreement (the "Guaranty"). Def.'s Mot. Att'ys Fees 3–4. The Security Agreement states,

> In the event . . . [SNLEE] shall assert against [Origin] . . . a claim or defense arising out of or relating to any of the Collateral, the Liabilities, or any of the Loan Documents, [SNLEE] agrees to indemnify and hold [Origin] harmless from and against any . . . cost, attorneys' fees or other expense whatsoever arising therefrom.

Def.'s App. 16 [288]. Relatedly, the Guaranty states,

> [Mudigere and McCormack] hereby absolutely and unconditionally guarantee[] to [Origin] the prompt payment at maturity and the prompt performance when due of the following: . . . (i) all indebtedness and obligations of any kind of [SNLEE] to [Origin] including . . . charges and attorneys' fees which may be or become due and owing on or under or in connection with the Note, . . . and (iii) all costs, attorneys' fees and expenses incurred or expended by [Origin] in collecting any of the Obligations or due to any default in the performance of the Obligations or in enforcing any right granted hereunder.

*Id*. at 47.

McCormack filed a response in opposition to Origin's request for attorney's fees and related expenses, but neither Mudigere nor SNLEE filed a response. *See generally* McCormack's Resp [287].

MEMORANDUM OPINION AND ORDER – PAGE 2

## II. LEGAL STANDARD FOR ATTORNEY'S FEES

In a diversity case, state law governs the award of attorney's fees. *See, e.g.*, *Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 505 (5th Cir. 2012). Texas law does not allow recovery of attorney's fees unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Section 38.001 of the Texas Civil Practice and Remedies Code provides that a party "may recover reasonable attorney's fees from an individual or organization . . . , in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). In addition to the statutory right to recover fees under section 38.001, parties "are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's." *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *see also Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484–85 (Tex. 2019).

If "the non-prevailing party is subject to paying the prevailing party's attorney's fees, the fees must be reasonable and necessary for success in prosecuting or defending the claim, and the award is intended to compensate the prevailing party generally for its legal representation." *Rohrmoos*, 578 S.W.3d at 496. To determine the reasonableness of an attorney's fees request, the court must first "determine a base lodestar figure based on reasonable hours worked multiplied by a reasonable hourly rate." *Id*. at 501. Then, the court may adjust the lodestar "if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case." *Id*. (quoting *El Apple I, Ltd. v. Olivas,* 370 S.W.3d 757, 760 (Tex. 2012)). Such factors include:

MEMORANDUM OPINION AND ORDER – PAGE 3

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

(2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). However, "considerations already incorporated into the base calculation may not be applied to rebut the presumption that the base calculation reflects reasonable and necessary attorney's fees." *Rohrmoos*, 578 S.W.3d at 501. A "claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought." *Id.* at 501–02.

### III. THE COURT AWARDS ORIGIN REDUCED ATTORNEY'S FEES

Origin requests $121,712.50 in attorney's fees. *See* Def.'s Mot. Att'ys Fees 5; Def.'s Reply 5; Def.'s App. 2. The Court first determines whether Origin is entitled to attorney's fees under the Security Agreement and Guaranty, then analyzes the reasonableness of Origin's attorney's fees request.

### *A. Origin is Entitled to Attorney's Fees Under the Agreements*

As an initial matter, the Court previously addressed whether Origin was entitled to an attorney's fees award.  Mem. Op. & Order (Aug. 12, 2025) [240].  The Court held that the controlling contracts — the Security Agreement and the Guaranty — require that Counter-Defendants must indemnify Origin for its attorney's fees.  *Id*. at 5–6.  Therefore, the Court will not repeat its analysis and affirms that Origin is entitled to indemnification and attorney's fees.

McCormack argues that her ex-husband and the company he manages, SNLEE, filed this lawsuit as the sole plaintiff, and that she played no part in either the company or the litigation.  McCormack's Resp. 1.  She asserts that Origin "has taken every opportunity to punish [her]" for the actions of her ex-husband.  *Id*. at 2.  However, these are not grounds to excuse McCormack from her contractual obligations.

Texas law recognizes and enforces provisions like the one here, in which guarantors and borrowers shall reimburse banks for attorney's fees incurred in connection with pursuing and defending their rights under notes and guaranties.  *Cap. One, N.A. v. Massey*, 2011 WL 3299934, at *4 (S.D. Tex. 2011) (citing *F.R. Hernandez Constr. & Supply Co. v. Nat'l Bank of Com. of Brownsville*, 578 S.W.2d 675, 677 (Tex. 1979)).  Accordingly, Origin is entitled to an award of attorney's fees under the Security Agreement and Guaranty.

### B. The Court Awards Origin $109,541.25 for Its Attorney's Fees

Next, the Court determines whether Origin's request of $109,541.25 for its attorney's fees is reasonable. Additionally, the Court applies a ten percent reduction across the board to the number of hours worked to account for lack of billing judgment.

***1. Reasonableness of the Billing Rates*** — The Court first analyzes the reasonableness of Origin's requested billing rates. "Reasonable" billing rates are calculated according to the "prevailing market rates in the relevant community." *Rohrmoos*, 578 S.W.3d at 493 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–52 (2010)). In addition to recovering attorney's fees, the prevailing party can recover reasonable fees for the work of paralegals. *See Tite Water Energy, LLC v. Wild Willy's Welding LLC*, 2023 WL 5615816, at *11 (Tex. App. — Houston [1st Dist.] 2023, pet. denied) (mem. op.) (unpub.) (awarding fees for paralegal's work).

First, the Court determines that Plaintiffs' requested attorney rates are in line with prevailing market rates in the relevant community. Recent decisions in this district indicate that the prevailing market rate in commercial litigation cases is around $300–$800 per hour for attorneys, increasing based on level of experience. *See Megatel Homes, III, LLC v. Moayedi*, 2025 WL 3903069 (N.D. Tex. 2025), *R. & R. adopted by*, 2026 WL 32575 (N.D. Tex. 2026*) (describing prevailing market rates established in recent cases); *e.g.*, *White Cap LP v. McSpadden*, 2024 WL 5440869, at *2 (N.D. Tex 2024) (awarding hourly rates between $445 and $705); *ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, 2025 WL 1646592, at *7 (N.D. Tex. 2025) (finding $544 to $1,065 per hour for partners reasonable); *Plunkett v. FirstKey Homes LLC*, 2024 WL 5315330, at *10 (N.D. Tex. 2024)

MEMORANDUM OPINION AND ORDER – PAGE 6

(finding $775 rates for lead counsel reasonable), *R. & R. adopted by*, 2024 WL 5075065 (N.D. Tex. 2024); *Hill v. Schilling*, 2022 WL 1321548, at *6 (N.D. Tex. 2022) (finding partner rates between $730 to $830 reasonable).

Here, Origin proposes hourly rates between $400 and $750 for its attorneys, increasing based on level of experience.[2] *See* Def.'s App. 057–79. The Court holds that the proposed rates are reasonable as the rates are consistent with the prevailing market rates for attorneys with similar levels of experience in the Dallas-Fort Worth legal community.

Second, the Court analyzes whether the requested paralegal rates are in line with prevailing market rates. Origin proposes hourly rates of $200 for paralegal Kim James and $175 for paralegal Sheryl Haywood. *E.g.*, Def.'s App. 69, 71. Origin proposes a rate of $125 for Tricia Tomasky but did not specify Tomasky's title or role. *Id*. In its previous motion for attorney's fees, Origin submitted evidence that James has been a paralegal for over thirty-five years and that Haywood has been a paralegal for around twenty years. Def.'s Reply App. 010 [235]. Recent Northern District of Texas decisions indicate that the prevailing hourly rate for paralegals is $100–210 per hour. *Kunze v. Baylor Scott & White Health*, 2024 WL 4606800, at *2 (N.D. Tex. 2024) (Godbey, C.J.); *see also Ferrari Fin. Servs., Inc. v. Yoo*, 2025 WL 793653, at *5 (N.D. Tex. 2025), *adopted*, 2025 WL 790341 (N.D. Tex. 2025) (awarding hourly rate of $190 for paralegals). Given the experience of James and Haywood, the Court holds that their proposed rates are consistent with the

---

[2] Origin proposes an hourly rate of $750 for Mazin Sbaiti and $400 for Griffin Rubin. *E.g.*, Def.'s App. at 84–85. Origin proposes varying hourly rates for Brad Robinson, Robinson billing some tasks at a rate of $650 per hour and others at $750. *Id*.

MEMORANDUM OPINION AND ORDER – PAGE 7

prevailing market rates for paralegals of comparable experience in the Dallas-Fort Worth legal community. Origin did not provide any evidence as to Tomasky's level of experience or role. Based on the motion and appendix, the Court finds that Tomasky worked as a paralegal. *See e.g.*, Def.'s App. at 67–69. But, without evidence of her relevant experience, the Court lowers Tomasky's hourly rates to the $100 baseline.

  **2. *Reasonableness of the Hours Billed*** — The Court next determines whether the number of hours billed was reasonable. Courts "should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees. Charges for duplicative, excessive, or inadequately documented work should be excluded." *El Apple*, 370 S.W.3d at 762. McCormack challenges the reasonableness of the hours Origin billed. *See* Pl.'s Resp. 7–9.

  First, the parties agreed that some portion of the requested amount included fees for clerical work. Def.'s Reply 2; *see* Pl.'s Resp. 4.[3] To recover fees for work performed by nonattorneys, the evidence must show that the nonattorneys "performed substantive legal work under the direction and supervision of an attorney." *See El Apple,* 370 S.W.3d at 763. Clerical tasks include, among other things, reviewing court notices, filing documents, notifying clients and counsel of deadlines, reviewing court notices, scheduling, preparing filings, and maintaining files. *Meadows v. Latshaw Drilling Co.*, 2020 WL 291582, at *4 (N.D. Tex. 2020).

---

[3] McCormack objects to clerical work, and provides examples of entries for clerical tasks. McCormack's Resp. 4. However, she does not specify how many hours she alleges constitute clerical rather than substantive work.

MEMORANDUM OPINION AND ORDER – PAGE 8

Here, Origin requests fees for numerous hours of noncompensable clerical work. *See, e.g.*, Def.'s App. 83 ("Download/transfer Fifth Circuit's briefing notice to case file and email same to Team . . . ."), 85–86 ("download and save recent filings"), 88 ("Conference with G. Rubin regarding appellate response brief division of tasks and scheduling"), 90 ("Review Federal Rules of Appellate Procedure and Fifth Circuit rules"), 92 ("Communications with legal team regarding [the inability to access sealed documents"), 94–96 ("Communications with copy vendor and legal team regarding paper copies of brief for Court and related deadline"), 98–100 ("Multiple unsuccessful attempts to file oral argument acknowledgment form (technical issues with doc); prepare new online version, successfully file same, and download/transfer file-marked copy to file"). Origin concedes that $3,172.50 of its entries constituted fees for clerical work. Def.'s Reply 2. Thus, the Court reduces the fees by $3,172.50.

Second, the Court holds that Origin's attorneys improperly "block billed" a portion of their fees. Block billing refers to the process whereby an attorney enters all of the tasks spent on a case in a given day in one billing entry, as opposed to itemizing each task. *See Fralick v. Plumbers & Pipefitters Nat. Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. 2011). The concern with block billing is that it makes it more difficult for the Court to determine how much time was devoted to each task and whether the amount was reasonable. Although a reduction for block billing is not automatic, *Davis v. Perry*, 991 F. Supp. 2d 809, 836 (W.D. Tex. 2014) *supplemented*, 2014 WL 172119 (W.D. Tex. 2014), many courts reduce block billing to offset its potential negative effects. *Ceres Env't. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x. 198, 203 (11th Cir. 2012)

MEMORANDUM OPINION AND ORDER – PAGE 9

(unpub.); *see, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving a court's reduction of 20% to block billed entries); *Miller v. Raytheon Co.*, 2013 WL 6838302, at \*10 (N.D. Tex. 2013) (applying a 5% reduction for block billing).

Here, Origin's time entries include narrative descriptions combining several tasks. *E.g.*, Def.'s App. 88, ("Review SNLEE brief; research for response brief; meet with T. Tomasky to onboard and discuss internal deadlines; review and discuss time entry review per court correspondence"), 91 ("Review and edit brief; discuss scope of review with M. Sbaiti; discuss various issues in brief with M. Sbaiti and B. Robinson; discuss obtaining sealed record with appellate team."), 93 ("Review correspondence from the Court regarding access to the sealed record and strategize with the team regarding brief, record documents, and motion for extension of time; Revise Appellee Brief, review cites and evidence, update ROA cites and find record evidence in support of arguments; and finalize for filing"), 99 ("Prepare for oral argument; discuss the same with B. Robinson; participate in oral argument").  These are impermissible block billings that do not permit the Court to assess the reasonableness of the requested fees.

Upon review of the entries contained in Plaintiffs' invoice, the Court finds that Origin's attorneys impermissibly block billed an amount of $48,790.00.[4]  The Court applies an across-the-board reduction of 10% to this amount, which results in a reduction of

---

[4] Origin did not specify what clerical tasks it included when it reduced its attorney's fees in its Reply.  Def.'s Reply 2.  It listed several pages in its appendix and stated it reviewed the supporting documentation, located the clerical tasks, and summed the fees.  *Id.*  While the Court is unable to verify whether the reduced tasks are the same as block-billed tasks, in its discretion, the Court determined that none of the block-billed entries were clerical.

MEMORANDUM OPINION AND ORDER – PAGE 10

$4,879.00.  *Stevenson v. Lasalle Corr. Transp., LLC*, 2015 WL 11120525, at *3 (N.D. Tex. 2015) (reducing fees by 10% because of block billing); *see Fralick v. Plumbers and Pipefitters Nat. Pension Fund*, 2011 WL 487754, at *4–5 (N.D. Tex. 2011) (same).

After adjusting the hourly rates of the paralegals, reducing the block billed entries, and applying a reduction of $3,172.50, the Court determines that an adjusted base lodestar of $116,833.50 is appropriate for Origin's attorney's fees.

Lastly, after reviewing the *Arthur Andersen* factors not incorporated into the base lodestar calculation, the Court determines that a further adjustment to the lodestar is not warranted.  Accordingly, the Court awards Origin $116,833.50 in attorney's fees.

### IV. THE COURT AWARDS ORIGIN RELATED NONTAXABLE EXPENSES

Origin also requests $3,701.56 in nontaxable expenses related to its attorney's fees. *See* Def.'s Mot. for Atty's Fees 4–5.  Origin is entitled to payment for its costs and expenses under the Security Agreement and Guaranty.  *See* Def.'s App. 16, 47.  Origin submitted receipts to the Court for its requested expenses.  *See id.* at 101–146.  No defendant filed objections to Origin's requested expenses.  Accordingly, the Court awards Origin $3,701.56 in nontaxable expenses.

### CONCLUSION

The Court awards Origin $116,833.50 in attorney's fees and $3,701.56 in related nontaxable expenses, to be paid jointly and severally by SNLEE, Mudigere, and McCormack no later than thirty (30) days after the date of this Order, unless superseded on appeal.

MEMORANDUM OPINION AND ORDER – PAGE 11

Signed April 20, 2026.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 12